UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23576-Civ-COOKE/BANDSTRA

ELMES ALEMAN,

    Plaintiff

vs.

BUILDERS OF AMERICAN, LLC, *et al.*,

    Defendants,
_____/

**ORDER GRANTING DEFENDANT POLEO'S MOTION
FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT BASABE'S
MOTION FOR SUMMARY JUDGMENT**

THIS CASE is before me on Defendants' Motion for Partial Summary Judgment as to Liability of the Individual Defendants. The Motion seeks partial summary judgment on the limited issue of whether Defendants Aaron Basabe and Juan Poleo are "employers" under the Fair Labor Standards Act. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Motion for Summary Judgment is granted as to Defendant Juan Poleo and is denied as to Defendant Aaron Basabe.

### I. BACKGROUND

The Plaintiff filed this lawsuit to recover unpaid overtime and minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 204-219 (FLSA). (Compl. ¶ 6, ECF No. 1). The Plaintiff alleges that he was a construction supervisor for the Defendant Builders of America, LLC, but that he was not paid for his services. (Compl. ¶¶ 9-10, ECF No. 1). Regarding Defendants Aaron Basabe and Juan Poleo, the Plaintiff contends that the "individual Defendants are the Corporate officers of the corporate Defendant who ran the day to day operations of the

corporate Defendant for the relevant time period and were responsible for paying plaintiff's wages and/or controlled Plaintiff's work upon information and belief." (Compl. ¶ 3, ECF No. 1).

## II. LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378

(U.S. 2007).

## III. ANALYSIS

Defendants Aaron Basabe and Juan Poleo assert that they are not liable as employers under the FLSA since they did not control any day-to-day operations and since they had no control over the Plaintiff. (Defs.' Mot. for Summ. J. 4, ECF No. 34). These Defendants argue that since there is no genuine issue as to this fact, summary judgment in their favor is warranted. In support of this position, the Defendants rely on the Plaintiff's responses to interrogatories that fail to list either Aaron Basabe and Juan Poleo as being: a) a person who has information regarding this case, b) a person who determined the Plaintiff's pay rate, hours, or collected his timesheets, or c) a person who supervised the Plaintiff. (*Id.* at 3 (citing to Pl.'s Resp. to Defs.' Interrogs. ¶¶ 2-4, ECF No. 34-2)). Additionally, Defendant Juan Poleo submitted a sworn statement that he "had no day-to-day operation responsibilities, no involvement with the Plaintiff, no involvement in the amount of hours, payments, rates or work schedule of any employee, contractor or vendor, including Plaintiff." (*Id.* at 2-3 (citing Poleo Aff. ¶ 4, ECF No. 34-1)).

The Plaintiff opposes the Defendants' Motion as it relates to Mr. Poleo by arguing that it is unclear what Mr. Poleo means when he attests that he had no day-to-day operational responsibilities. (Pl.'s Resp. to Defs.' Mot. for Summ. J. 5, ECF No. 42 ("Defendant Poleo states that he has no day to day operation responsibilities, however the question remains, what does that mean?")). The Plaintiff opposes the Defendants' Motion as it relates to Mr. Basabe by arguing that "Defendants have not shown any evidence that Mr. Basabe was not Plaintiff's employer with the exception of drawing the negative inference from Plaintiff's interrogatory responses." (*Id.* at 6). The Plaintiff has not offered any evidence to oppose the Defendants

3

Motion for Summary Judgment, but merely rests on its arguments that, despite the evidence presented by the Defendants, there still exists a genuine issue of a material fact.

"Under the FLSA, employers must pay employees minimum and overtime wages." *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 844 (11th Cir. 2009) (citing 29 U.S.C. §§ 206-07). "The Act broadly defines 'employer' to 'include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Id.* at 844-45 (quoting 29 U.S.C. § 203(d)). "[T]o be personally liable as an 'employer,' a corporate officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Id.* at 845 (quoting *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

Defendant Juan Poleo has presented evidence that he was not involved in the day-to-day operations of Builders of America, LLC. (*See* Defs.' Mot. for Summ. J. 2-3, ECF No. 34 (citing Poleo Aff. ¶ 4, ECF No. 34-1)). Mr. Poleo has also presented evidence that he had no direct responsibility for the supervision of the Plaintiff. (*See id.*). This evidence demonstrates that there is no genuine issue that Mr. Poleo is not an employer of the Plaintiff under the FLSA. The Plaintiff has failed to point out any record evidence to refute Mr. Poleo's assertions.

The Plaintiff cannot create a genuine issue by responding to the Defendant's unrefuted statements that he had no day-to-day responsibilities with Builders of America, LLC, and no involvement with the Plaintiff at all, by arguing that those statements are somehow unclear. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("a party opposing a properly supported motion for summary judgment . . . must set forth specific facts showing that there is a genuine issue for trial."). If the Plaintiff's tactic were permissible, a party could almost always avoid the entry of summary judgment simply by calling into question the precise meaning of an

opposing party's otherwise unambiguous statement. That is not the law.

Based on the unrefuted evidence, Defendant Juan Poleo was not involved in the day-to-day operations for Builders of America, LLC, nor did he have any direct responsibility for the supervision of the Plaintiff. There is no genuine issue as to whether Defendant Juan Poleo is an employer under the FLSA – he is not. Defendant Juan Poleo's Motion for Summary Judgment is issue is granted.

Defendant Aaron Basabe has presented evidence that the Plaintiff did not identified Mr. Basabe as a person who has information regarding this case, or as a person who determined who determined the Plaintiff's pay rate, hours, or collected his timesheets, or as a person who supervised the Plaintiff. (Defs.' Mot. for Summ. J. 3, ECF No. 34 (citing to Pl.'s Resp. to Defs.' Interrogs. ¶¶ 2-4, ECF No. 34-2)). While the Plaintiff does not present any contrary evidence, Mr. Basabe's motion is not supported by an affidavit attesting to the fact that Mr. Basabe was not involved in the day-to-day operations for Builders of America, LLC, and that he did not have any direct responsibility for supervising of the Plaintiff.

Since I must view all facts in a light most favorable to the Plaintiff, Mr. Basabe has not met his initial burden to show that there is no genuine issue as to his status as an employer under the FLSA. The inferences drawn from the Plaintiff's interrogatory answers simply do not paint a full enough picture for me to conclude that Mr. Basabe was not involved in the day-to-day operations for Builders of America, LLC, and that he did not have any direct responsibility for supervising of the Plaintiff. Defendant Aaron Basabe's Motion for Summary Judgment as to this issue is denied.

IV. CONCLUSION

As explained in this Order, Defendant Juan Poleo has met his burden by referencing

record evidence to show that there is no genuine issue that he is not an employer under the FLSA. The Plaintiff has failed to refute this evidence. In contrast, Defendant Aaron Basabe has not met his burden to show that there is no genuine issue over his status as an employer. According, it is **ORDERED and ADJUDGED** that the Defendants' Motion for Partial Summary Judgment as to Liability of the Individual Defendants (ECF No. 34) is **GRANTED in part** as to the liability of Defendant Juan Poleo and **DENIED in part** as to the liability of Defendant Aaron Basabe.

      **DONE and ORDERED** in chambers, at Miami, Florida, this 6th day of October 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*